LEMMON, Judge,
dissents and assigns reasons.
I agree that a carrier may validly limit its liability in accordance with the cited stat *1261 ute. However, the limitation is only valid if the shipper is afforded an option to obtain greater coverage at an additional charge. The critical issue in this case is whether the shipper was effectively afforded such an opportunity.
The matter was submitted on documentary evidence and stipulations. On the bill of lading, the only place the shipper signed was on the line below the following statement:
“I hereby authorize this shipment and make the declaration of values (if any) and agree to the contract terms and conditions hereof.”
The bill of lading contains no clear language referring to any limitation of the carrier’s liability.[1] The entire section in red print (referred to in the majority opinion) is reproduced below:
[[Image here]]
The vague language about releasing property to a value of $250.00 cannot reasonably be construed to inform a shipper that the carrier will not pay him more than $250.00 in the event of loss or destruction unless he pays a greater fee and obtains additional coverage. A casualty insurer would be laughed out of court if it tried to obtain a limitation of liability with such language.
In my opinion the carrier in this case has failed to prove that the shipper was ever afforded a meaningful opportunity to declare a higher valuation for his personal effects and furnishings and, more significantly, was ever informed that the carrier’s liability was limited to $250.00 if a greater value was not declared.[2]
The carrier who seeks to invoke the limitation of liability should have the burden of proving not only that the shipper has been afforded a meaningful opportunity to obtain greater coverage at an additional charge, but also that the shipper has specifically rejected the option.[3] Unless the burden is placed on the carrier to demonstrate that the option has been revealed to the shipper and has been rejected, an average shipper will have no reasonable opportunity to discover the limitation and will be at the mercy of the carrier’s clerical employees. Under such circumstances the shipper is effectively deprived of the requisite option.
Finally, I would reject the carrier’s argument that the shipper is presumed to know rates are based on declared value, and I would hold the carrier’s failure to inform the shipper of this fact amounts to an attempt by the carrier to absolve itself of the consequences of its own negligence. New York, N. H. & Hartford R. Co. v. Nothnagle, 346 U.S. 128, 73 S.Ct. 986, 97 L.Ed. 1500 (1953).

. Section 10, quoted in the majority opinion, is found on page 101 of the tariff filed with the Interstate Commerce Commission.

. The reproduced section of the bill of lading just above the section at issue provides for acts of God coverage and requires the shipper to initial one of two blanks in order to indicate that he did or did not desire coverage. The absence of initials in either blank, indicating the shipper was not afforded an opportunity to accept or reject this coverage, strengthens the conclusion that the shipper was simply instructed to sign and pay the calculated fee, without explanation or opportunity as to any coverage options.

.A blank signature line (on which the shipper would have signed if he was informed of and accepted the option to declare a higher value) has no probative value as to the fact of specific rejection.